**MEMORANDUM OPINION**

October 3, 2007

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION**

In re:

| | |
|---|---|
| DAVID JOE DYER | Case No. 07-32281 |
| | Chapter 13 |

        Debtor

| | |
|---|---|
| MARK ALAN WEAVER | Case No. 07-32595 |
| JENNA JILLEEN WEAVER | Chapter 13 |
| a/k/a JENNA JILLEEN MARKOVICH | |

        Debtors

BEFORE THE HONORABLE RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

    FOR THE DEBTORS:

    CYNTHIA LAWSON, ESQ.
    5418 Clinton Highway
    Knoxville, Tennessee 37912

    CHAPTER 13 TRUSTEE:

    GWENDOLYN M. KERNEY, ESQ.
    Post Office Box 228
    Knoxville, Tennessee 37901

1       THE COURT: I have before me in the individual case of *David Joe Dyer*,

2   No. 07-32281, and the joint case of *Mark Alan Weaver and Jenna Jilleen Weaver*,

3   No. 07-32595, motions each of which is entitled "Debtor's Motion for Order

4   Determining Eligibility of Debtor For Discharge Under 11 U.S.C. §1328(f)." By the

5   respective motions, David Joe Dyer and Mark Alan Weaver seek an order determining

6   their eligibility to receive a discharge under 11 U.S.C. § 1328 (2005), assuming their

7   cases reach the point at which they will be entitled to a discharge. Briefs have been

8   filed in the *Dyer* case by the Debtor and the Chapter 13 Trustee. Those briefs have

9   equal application to the *Weaver* case.

10      The discharge entitlement question arises in these Chapter 13 cases because

11  of the recently enacted § 1328(f) of the Bankruptcy Code and the fact that both

12  Mr. Dyer and Mr. Weaver previously filed Chapter 7 cases in which each received a

13  discharge. More specifically, Mr. Dyer filed a joint case under Chapter 7 on July 15,

14  2003, No. 03-33914, and received his discharge on November 7, 2003. He filed the

15  present Chapter 13 case on July 18, 2007. Mr. Weaver filed an individual case under

16  Chapter 7 on August 11, 2003, No. 03-34453, and received his discharge on

17  December 4, 2003. Mr. and Mrs. Weaver filed the present joint Chapter 13 case on

18  August 13, 2007.

19      Congress enacted § 1328(f) as part of the Bankruptcy Abuse Prevention and

20  Consumer Protection Act of 2005. Section 1328(f)(1) provides in material part as

21  follows:

22          (f) Notwithstanding subsections (a) and (b), the court shall not

23          grant a discharge of all debts provided for in the plan or

24          disallowed under section 502, if the debtor has received a

25          discharge—

       (1) in a case filed under chapter 7 . . . of this title during the

       4-year period preceding the date of the order for relief under

       this chapter[.]

11 U.S.C. § 1328(f)(1). The Debtors ask for a determination that this statute means that Mr. Dyer and Mr. Weaver, both of whom filed their present Chapter 13 cases more than four years apart, will be eligible for a discharge.

  Succinctly stated, the issue the court is called upon to resolve is whether the 4-year period referred to in § 1328(f)(1) runs from the date of the Chapter 7 discharge or from the date of the filing of the prior Chapter 7 case. If it runs from the date of discharge, neither Mr. Dyer nor Mr. Weaver will be entitled to a discharge in their present Chapter 13 case.

  To me, the statute is straightforward. Based upon the plain and ordinary meaning of the words, the time in which a debtor becomes eligible for a discharge under Chapter 13 runs not from the date the discharge was received in the prior Chapter 7 case, but from the date of the filing of the previous Chapter 7 case to the date of the filing of the current Chapter 13 case. It seems to me that if Congress had, in fact, intended the date of discharge to be the relevant date, the statute could have easily said so by simply changing around subsection (1) to say "received a discharge – (1) during the 4-year period preceding the date of the order for relief under this chapter in a case filed under Chapter 7." By wording § 1328(f)(1) the way it did, it is apparent to me that Congress clearly intended for the 4-year period to apply to the date of filing of the prior case rather than the date of discharge.

  The majority of cases addressing this question agree that the time runs from the date of filing of the prior Chapter 7 case to the date of filing of the subsequent Chapter 13 case. *See In re Ward*, 370 B.R. 812, 815 (Bankr. D. Neb. 2007) (holding

that "the better interpretation of . . . § 1328(f) is that the discharge prohibition period begins running on the date the prior case is filed rather than the date of discharge."); *Grice v. We Energies (In re Grice)*, 2007 Bankr. LEXIS 1403, at *2-3 (Bankr. E.D. Wis. Apr. 17, 2007) ("What is clear is that if a debtor files and receives a discharge in a chapter 7 case, that debtor is only eligible to receive a discharge in a subsequently-filed chapter 13 case after four years have elapsed since the filing of the prior chapter 7 case."); *In re Grydzuk*, 353 B.R. 564, 567 (Bankr. N.D. Ind. 2006) ("The critical elements of § 1328(f)(1) are two: (1) the debtor must have 'received a discharge' in a prior case, and (2) that case must have been 'filed under chapter 7 . . . during the 4-[year] period preceding the date' of the filing of the Chapter 13 case in which discharge is to be considered."); *In re McGehee*, 342 B.R. 256, 258 (Bankr. W.D. Ky. 2006) (holding that "because the requisite four years have not passed between their previous Chapter 7 filing and their current Chapter 13 filing," the debtors were not eligible for discharge); *McDow v. Ratzlaff (In re Ratzlaff)*, 349 B.R. 443, 444 (Bankr. D.S.C. 2006) ("Section 1328(f)(1) clearly provides that debtors in a chapter 13 case may not receive a discharge in their case when they received a discharge in a previous case and that previous case was filed within four years prior to the filing of the pending case.").

There is, however, a case out of Michigan holding that the discharge date is the trigger date, finding that § 1328(f)(1) is ambiguous because "it is susceptible to two or more reasonable interpretations or accepted meanings." *In re Sanders*, 368 B.R. 634, 637 (Bankr. E.D. Mich. 2007). Looking at the legislative history, the *Sanders* court found that Congress intended to eliminate the "Chapter 20" cases, making it more difficult to obtain subsequent discharges, and that BAPCPA, and § 1328(f)(1) specifically, was enacted "for the purpose of extending the time period after which a

4

debtor could receive a subsequent discharge in a chapter 13 case, in order to better protect creditors." *Sanders*, 368 B.R. at 638-39.  That court then found that interpreting § 1328(f)(1) as meaning the time between the previous discharge date and the next filing date better accomplished that goal.  *Sanders*, 368 B.R. at 640.

I do not find an ambiguity in § 1328(f)(1) and, therefore, I do not find the *Sanders* rationale persuasive.

In the cases presently before me, both Mr. Dyer and Mr. Weaver received discharges in prior Chapter 7 cases.  Mr. Dyer's prior Chapter 7 case was filed on July 15, 2003, more than four (4) years before his present Chapter 13 case was filed on July 18, 2007.  Mr. Weaver's prior Chapter 7 case was filed on August 11, 2003, more than four (4) years prior to the filing of the present joint Chapter 13 case filed on August 13, 2007.  Both Mr. Dyer and Mr. Weaver will be eligible to receive a discharge in these Chapter 13 cases assuming, of course, that they meet the criteria that will entitle them to a discharge.

This Memorandum constitutes findings of fact and conclusions of law as required by FED. R. CIV. P. 52(a), made applicable to bankruptcy cases by Rule 9014(c) of the Federal Rules of Bankruptcy Procedure.  I will ask the court reporter to transcribe this opinion and I will post it on the website in order that it might be available to counsel and other debtors who have some concern about this issue as far as the bankruptcy court in the Northeast Division is concerned.  I will also see that orders are filed by this afternoon or tomorrow stating the eligibility of these debtors to receive a discharge.

FILED: October 4, 2007

/s/ *Richard Stair, Jr.*
RICHARD STAIR, JR.
U.S. BANKRUPTCY JUDGE